# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| VICTORIA WARREN, individually and on behalf of all others similarly situated,<br><br>  *Plaintiff*,<br><br>vs.<br><br>THE CREDIT PROS INTERNATIONAL CORPORATION,<br><br>  *Defendant*.<br>_____ / | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. _____ |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Victoria Warren, on behalf of herself and all others similarly situated, brings this lawsuit against Defendant The Credit Pros International Corporation to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action arising from Defendant's knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), more specifically, Defendant's unlawful transmission of unsolicited prerecorded messages and text messages to Plaintiff's cellular telephone, and the cellular telephones of the putative class members.

3. To gain an advantage over its competitors and increase its revenue, Defendant engages in unsolicited telemarketing, with no regard for consumers' privacy rights or the TCPA, in order to promote its goods and services.

4. Defendant is a credit repair company that, in an effort to promote its goods serves services, engages in unsolicited marketing activity, harming thousands of consumers in the process.

5. Defendant's fraudulent and unprofessional business practices are well-known and have been thoroughly documented, as evidenced by, among other things, the countless negative numerous customer reviews published to Yelp.com. Some of Defendant's more notable customer reviews have been reproduced, in pertinent part, below:

> **SCAM. I literally never signed up for this and I'm getting calls AND texts. When i asked how they got my information they won't answer. This is 10000% a scam.**
> -Emily O. on 1/14/2019.
>
> **'The Credit Pros?' It's more like The Scam Pros. Do not fall for this scam. They ran my credit card without my authorization and after I deleted my information they still ran my credit card. They sold a fake $1,500 credit line that never appeared on my credit. They'll blow up your phone until they get your money…**
> -Ernesto F. on 6/1/2019.
>
> **This business is a complete fraud…needs to be shut down by the FBI**
> -Marcus C. on 7/18/2017.
>
> **DO NOT USE THESE PEOPLE…I used them over a year ago and it is haunting me now…Considering legal action.**
> -Larry B. on 8/12/2016. [1]

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

---

[1] *See* Yelp, Recommended Reviews for *The Credit Pros,* WWW.YELP.COM, https://www.yelp.com/biz/the-credit-pros-newark (last visited Jul. 7, 2020)(emphasis added).

the daily life of thousands of individuals. Plaintiff also seeks statutory damages, on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction also lies under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because Plaintiff is a citizen of Florida while Defendant is a citizen of New Jersey, and the Complaint alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Furthermore, Plaintiff seeks up to $1,500 in damages for each call transmitted in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands or more, exceeds the $5,000,000 amount-in-controversy requirement for federal court jurisdiction under CAFA. Therefore, both federal question jurisdiction and minimal geographic diversity jurisdiction under CAFA are present.

8. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Defendant's purposeful direction of unsolicited telemarketing calls to Plaintiff's cellular telephone located in this judicial district, and Plaintiff's receipt of these unlawful communications in this judicial district. Furthermore, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question, and here, Defendant is subject to the Court's personal jurisdiction in the Middle District of Florida.

9. This Court has personal jurisdiction over Defendant because it conducts business throughout this state, markets its services throughout this state, has purposefully directed its

activities throughout this state and specifically towards this judicial district, and/or has availed itself of the jurisdiction of this state, thereby establishing sufficient contacts for personal jurisdiction in this Court. Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same, or substantially similar, prerecorded voicemails and text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, thereby subjecting Defendant to the jurisdiction of this Court.

10. Furthermore, by intentionally sending prerecorded voicemails and text messages to cellular telephones with Florida-based area codes, such as Plaintiff's 4111 number, Defendant committed an intentional act aimed at Florida, causing harm that Defendant knows, or should have known, is likely to be suffered, and was in fact suffered, in Florida. Through this conduct, Defendant purposefully directed its activities to Florida, such that Defendant is reasonably subject to the personal jurisdiction of this Court.

## PARTIES

11. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Duval County, Florida.

12. Defendant is a New Jersey corporation and its principal place of business is located at 60 Park Place, Suite 200, Newark, NJ 07102. However, as noted above, Defendant directs, markets, and conducts substantial, and not isolated, business activities throughout the State of Florida.

## THE TCPA

13. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

19. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

20. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

21. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

22. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d

at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

23. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

24. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

25. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

26. Beginning on or around June 18, 2020, Defendant caused numerous telephone calls, prerecorded voicemails, and text messages to be transmitted to Plaintiff's cellular telephone number, starting with "904" and ending in "4111" (the "4111 Number").

27. On June 18, 2020, Plaintiff received an initial prerecorded message from Defendant, stating:

> Hey there, this is John over at Get it Free. I was trying to reach you to discuss repairing your credit with our $5,000 line of credit offer. If you can give me a call back at this number, I'd be happy to connect you with one of our specialists over at The Credit Pros. Thanks and I'll talk to you soon.

28. Subsequent to June 18, 2020, Defendant caused numerous other prerecorded calls, with the same or substantially similar message, to be left of Plaintiff's cellular telephone, which similarly prompted her to contact The Credit Pros.

29. For example, Plaintiff received additional prerecorded calls from Defendant on June 20, 2020 and June 22, 2020. Defendant also transmitted numerous automated text messages to Plaintiff on June 18, 2020, June 20, 2020, June 22, 2020, and June 23, 2020.

30. Upon information and belief, Defendant caused countless other prerecorded and automated calls to be transmitted to individuals residing within this judicial district.

31. When Plaintiff listened to the prerecorded messages described herein, she could easily determine that they were prerecorded messages. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

32. The prerecorded calls transmitted to Plaintiff originated from telephone number (747) 217-3523, which is owned and/or operated by, or on behalf of, Defendant.

33. These prerecorded calls were sent to Plaintiff's cellular telephone, and within the time frame relevant to this action.

34. Defendant's unsolicited communications, as described above, constitute telemarketing because they encourage the future purchase or investment in property, goods, or services. i.e., requesting that Plaintiff contact Defendant regarding purchasing various credit repairs services and obtaining a $5,000 line of credit.

35. Plaintiff received the subject communications within this judicial district, and therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded and automated calls to be sent to individuals residing within this judicial district.

36. Plaintiff is the subscriber and sole user of the 4111 Number and is financially responsible for phone service to the 4111 Number.

37. Plaintiff has been registered on the National Do Not Call Registry since April 6, 2019.

38. Plaintiff has never provided Defendant with her telephone number for any reason.

39. Plaintiff has never knowingly released her telephone number to Defendant.

40. Plaintiff has never had any type of business relationship with Defendant.

41. Plaintiff did not contact Defendant for any reason prior to receiving Defendant's unsolicited calls.

42. Plaintiff has never provided Defendant with any type of permission to contact her via her cellular telephone number, this includes any form of express consent or express written consent.

43. Defendant's unsolicited prerecorded calls violated Plaintiff's substantive rights under the TCPA. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019) (citing *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351- 52 (3d Cir. 2017) (holding that the receipt of a single unsolicited call to a cell phone and a voicemail recording constituted an injury in fact).

44. Defendant's unsolicited calls also caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to her workday and/or graduate-degree studies.

45. These unsolicited communications further harmed Plaintiff in that she estimates that she wasted approximately 15 minutes reviewing all of Defendant's unwanted messages. Additionally, each and every time Plaintiff received a prerecorded call from Defendant, she had to stop what she was doing, retrieve her phone, pull up the telephone number of the individual who had left the message, and listen to the message.

46. Moreover, Defendant's voicemail messages occupied and depleted the available memory on Plaintiff's cellular phone. The cumulative effect of receiving voice messages, like Defendant's, poses a legitimate risk of ultimately rendering the phone unusable for voice messaging purposes, as well as other basic functions, as a result of the phone's working memory being depleted.

## CLASS ACTION ALLEGATIONS
## PROPOSED CLASS

47. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

48. Plaintiff brings this case on behalf of a Class defined as follows:

> **No Consent Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent a call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

49. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

50. Upon information and belief, Defendant has placed scores of automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

51. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

52. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

53. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded telemarketing calls to telephone numbers assigned to cellular telephone services is accurate, then Plaintiff and the Class members will have identical claims, capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

54. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### ADEQUACY

55. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel to do so. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

56. In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigations and class actions, including those involving violations of the

TCPA. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests that are adverse to those of the other members of the Class.

### **PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

57. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

58. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### **COUNT I**
### **Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

59. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

60. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

61. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

62. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when the calls were made.

63. Defendant has therefore violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

64. Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

65. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

66. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

67. Plaintiff re-alleges and incorporates paragraphs 1 – 58, above, as if fully set forth herein.

68. At all times relevant to this action, Defendant knew or should have known that its conduct, as alleged herein, violated the TCPA.

69. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and it also knew or should have known that its conduct violated the TCPA.

70. Because Defendant knew or should have known that Plaintiff and the Class Members had not given their prior express consent to receive Defendant's prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to § 227(b)(3) of the TCPA.

71. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
### Violation of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

72. Plaintiff re-alleges and incorporates paragraphs 1 – 58, above, as if fully set forth herein.

73. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

75. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

76. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

77. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers, such as Plaintiff and members of the Do Not Call

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003), available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Registry Class, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

78. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period that was made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled to receive, among other things, up to $500.00 in damages for each such violation of 47 C.F.R. § 64.1200.

79. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the Do Not Call Registry Class.

**WHEREFORE**, Plaintiff Victoria Warren, on behalf of herself and all others similarly situated, prays for the following relief:

  a. A declaration that Defendant's practices, as described herein, violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

  b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

  c. An award of actual and statutory damages; and

  d. Any other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

DATED: July 8, 2020

Respectfully submitted by:

**/s/ Aaron M. Ahlzadeh**
Aaron M. Ahlzadeh, Esq.
Florida Bar No. 111329
Scott Edelsberg, Esq.
Florida Bar No. 100537
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone (Office): (786) 289-9471
Telephone (Direct): (786) 289-9589
Fax: (786) 623-0915
Email: aaron@edelsberglaw.com
Email: scott@edelsberglaw.com

Andrew J. Shamis, Esq.
Florida Bar No. 101754
Garrett O. Berg, Esq.
Florida Bar No. 1000427
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132
Telephone: 305-479-2299
Email: ashamis@shamisgentile.com
Email: gberg@shamisgentile.com

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
**HIRALDO P.A.**
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Tel: 954-400-4713
Email: mhiraldo@hiraldolaw.com

*Counsel for Plaintiff Victoria Warren*