UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:20-cv-00763-TJC-MCR

VICTORIA WARREN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL
CORPORATION,

    Defendant.

_____/

## **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant, The Credit Pros International Corporation ("Defendant"), by and through its undersigned attorneys, and hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff, Victoria Warren's ("Plaintiff") Complaint, and in support thereof states as follows:

1. Admitted that Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA") but Defendant denies any liability for the same.

## **NATURE OF THE ACTION**

2. Admitted that Plaintiff's Complaint is based on the TCPA but Defendant denies any liability for the same.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Defendant admits the Court has federal question jurisdiction. Defendant denies all other averments.

8. Admit that the venue is proper in this District. All other averments are denied.

9. Admit that the Court has personal jurisdiction in this District. All other averments are denied.

10. Denied.

## PARTIES

11. Without knowledge, therefore denied.

12. Defendant admits that it is a New Jersey Corporation with its principal place of business located at 60 Park Place, Suite 200, Newark, NJ 07102 and that it conducts business throughout the State of Florida, however, all other allegations in paragraph 12 are denied.

## THE TCPA

13. The allegations set forth in Paragraph 13 call for a legal conclusion that do not call for a response, and accordingly, are denied.

14. The allegations set forth in Paragraph 14 call for a legal conclusion that do not call for a response, and accordingly, are denied.

15. The allegations set forth in Paragraph 15 call for a legal conclusion that do not call for a response, and accordingly, are denied.

16. The allegations set forth in Paragraph 16 call for a legal conclusion that do not call for a response, and accordingly, are denied.

17. The allegations set forth in Paragraph 17 call for a legal conclusion that do not call for a response, and accordingly, are denied.

18. The allegations set forth in Paragraph 18 call for a legal conclusion that do not call for a response, and accordingly, are denied.

19. The allegations set forth in Paragraph 19 call for a legal conclusion that do not call for a response, and accordingly, are denied.

20. The allegations set forth in Paragraph 20 call for a legal conclusion that do not call for a response, and accordingly, are denied.

21. The allegations set forth in Paragraph 21 call for a legal conclusion that do not call for a response, and accordingly, are denied.

22. The allegations set forth in Paragraph 22 call for a legal conclusion that do not call for a response, and accordingly, are denied.

23. The allegations set forth in Paragraph 23 call for a legal conclusion that do not call for a response, and accordingly, are denied.

24. The allegations set forth in Paragraph 24 call for a legal conclusion that do not call for a response, and accordingly, are denied.

25. The allegations set forth in Paragraph 25 call for a legal conclusion that do not call for a response, and accordingly, are denied.

## **FACTUAL ALLEGATIONS**

26. Denied.

27. Without knowledge, therefore denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied as phrased.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge, therefore denied.

38. Denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## CLASS ACTION ALLEGATIONS PROPOSED CLASS

47. The allegations set forth in Paragraph 47 call for a legal conclusion that do not call for a response, and accordingly, are denied.

48. The allegations set forth in Paragraph 48 call for a legal conclusion that do not call for a response, and accordingly, are denied.

49. Denied.

### NUMEROSITY

50. Denied.

51. Denied.

### COMMON QUESTIONS OF LAW AND FACT

52. Denied.

53. Denied.

### TYPICALITY

54. Denied.

### ADEQUACY

55. Denied.

56. Without knowledge, therefore denied.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

57. The allegations set forth in Paragraph 57 call for a legal conclusion that do not call for a response, and accordingly, are denied.

58. The allegations set forth in Paragraph 58 call for a legal conclusion that do not call for a response, and accordingly, are denied.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**COUNT I – VIOLATIONS OF THE TCPA 47 U.S.C. 227(b)**
**(on Behalf of Plaintiff and the Class)**

59. Defendant re-alleges and incorporates its responses to the allegations as fully set forth herein.

60. The allegations set forth in Paragraph 60 call for a legal conclusion that do not call for a response, and accordingly, are denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied

65. Denied.

66. Denied.

**COUNT II – KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA 47 U.S.C. 227(b)**
**(on Behalf of Plaintiff and the Class)**

67. Defendant re-alleges and incorporates its responses to the allegations as fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**COUNT III –VIOLATION OF THE TCPA 47 U.S.C. 227**
**(on Behalf of Plaintiff and the Do Not Call Registry Class)**

72.     Defendant re-alleges and incorporates its responses to the allegations as fully set forth herein.

73.     The allegations set forth in Paragraph 73 call for a legal conclusion that do not call for a response, and accordingly, are denied.

74.     The allegations set forth in Paragraph 74 call for a legal conclusion that do not call for a response, and accordingly, are denied.

75.     The allegations set forth in Paragraph 75 call for a legal conclusion that do not call for a response, and accordingly, are denied.

76.     The allegations set forth in Paragraph 76 call for a legal conclusion that do not call for a response, and accordingly, are denied.

77.     Denied.

78.     Denied.

79.     Denied.

## **AFFIRMATIVE DEFENSES**

1.      Defendant affirmatively states that Plaintiff's claims are barred as the Plaintiff does not have standing to bring such claims as she cannot establish she received a call on her cellular phone from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice.

2.      Defendant affirmatively states that Defendant is entitled to a set off for the benefits the Plaintiff has received from a collateral source.

3.      Defendant affirmatively states that Plaintiff's claims are barred given calls placed to a wireless number that has been ported from a wireline service, not knowingly

made to a wireless number, and made within 15 days of the porting of the number from wireline to wireless service pursuant to 47 C.F.R. §64.1200(a)(1)(iv).

4. Defendant affirmatively states that Plaintiff's claims are barred given calls and/or texts made with prior express consent of the party called by or on behalf of Defendant, a tax-exempt nonprofit organization pursuant to 47 C.F.R. §64.1200(a)(2).

5. Defendant affirmatively states that the Plaintiff's claims are barred given that Plaintiff provided prior express consent to receive the calls and/or texts by filling out information online or otherwise consenting to receiving such calls pursuant to <u>Murphy v. DCI Biologicals Orlando, LLC</u>, 2013 U.S. Dist. LEXIS 181732 (M.D. Fla. 2013).

6. Defendant affirmatively states that Plaintiff's and/or members of the asserted classes' claims for actual damages are barred or diminished due to Plaintiff's and/or members of the asserted classes' failure to mitigate damages pursuant to <u>George v. Leading Edge Recovery Solutions, L.L.C.</u>, 2013 WL 3777034 (M.D. Fla. 2013).

7. Defendant affirmatively states that Plaintiff's claims are barred for calls which discovery reveals were made to a residential line who has a prior business relationship with Defendant pursuant to <u>George v. Leading Edge Recovery Solutions, L.L.C.</u>, 2013 WL 3777034 (M.D. Fla. 2013).

8. Defendant affirmatively states that the injuries and/or damages alleged by the Plaintiff and/or members are the result of acts or omissions by other persons, corporations or professional associations or entities other than this Defendant for which Defendant has no control, and is not responsible.

9. Defendant affirmatively states that the Court lacks personal jurisdiction over the Defendant.

10. Defendant affirmatively states the Plaintiff and/or members have not suffered any adverse harm as a result of any act or omission taken by the defendant or their employees.

11. Defendant affirmatively states the Plaintiff and/or members knowingly released their phone numbers and did in effect give invitation or permission to call or text their numbers.

12. Defendant affirmatively states the TCPA contemplates that an essential element of the claim is that the "called or texted is charged." The Plaintiff and/or members were not charged and do not have standing to sue under the regulatory scheme.

13. Defendant affirmatively states that no damages or other relief are recoverable by Plaintiff and/or members of the asserted putative class to the extent the Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the applicable statutes of limitation.

14. Defendant affirmatively states that the putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

15. Defendant affirmatively states that the putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

9
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

16. Defendant affirmatively states that the putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in the questions of law and fact involved in this putative class action.

17. Defendant affirmatively states the putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the asserted putative class.

18. Defendant affirmatively states the putative class asserted in the Complaint is inappropriate for class certification because a class action is not the superior way of resolving the claims of the members of the putative class.

19. Defendant affirmatively states Plaintiff has failed to state a plausible cause of action for class relief pursuant to <u>Federal Rule of Civil Procedure 23</u>, in that, the proposed classes is overly broad, "fail-safe," and otherwise unascertainable.

20. Defendant affirmatively states that the putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor her counsel are able to fairly and adequately protect the interest of all members of the alleged putative class.

21. Defendant affirmatively states Plaintiff's claims are barred or limited by the doctrine of waiver.

22. Defendant affirmatively states that it did not willfully or knowingly send text messages in violation of the TCPA.

23. Defendant specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to it during the course of discovery.

**WHEREFORE**, Defendant requests all relief to which it is entitled, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury to all issues by right so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

By: s/ *Olga Butkevich*
JONATHAN VINE
Florida Bar No.: 10966
OLGA BUTKEVICH
Florida Bar No.: 92294

0439.0773-00/20240382