UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:20-cv-00763-TJC-MCR

VICTORIA WARREN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL CORPORATION,

    Defendant.

_____/

## **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, The Credit Pros International Corporation ("Credit Pros"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), hereby moves for judgment on the pleadings as to the Plaintiff, Victoria Warren's ("Plaintiff") Complaint [D.E. 1] and as grounds therefore, state as follows:

### A. **Introduction**

Credit Pros moves for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the basis of Plaintiff's Complaint under the Telephone Consumer Protection Act ("TCPA") because this Court lacks subject matter jurisdiction over Credit Pros' alleged TCPA violations that occurred between 2015, the time in which the government enacted a debt exception to the TCPA, and July 6, 2020, the time in which the case of *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) was decided. In *AAPC,* the Court held that the automated-call ban of the TCPA was unconstitutional content based restriction when combined with the government debt

exception that was enacted in 2015 and in place until the Supreme Court severed this exception in its Court ruling made on July 6, 2020. *Id.*

In relying on the reasoning of *AAPC,* the Eastern District of Louisiana Court in *Stacy Creasy et. al. v. Charter Communications Inc.*, concluded that it did not have subject matter jurisdiction over a plaintiff's claims for violations of the TCPA which occurred prior to July 6, 2020, the date in which *AAPC* was decided. Accordingly, given that Plaintiff's allegations in this case involve prerecorded messages and text messages that allegedly occurred prior to July 6, 2020, or between June 18, 2020 through June 23, 2020, this Court lacks subject matter jurisdiction over such violations under the reasoning of *Creasy*. As such, the Plaintiff's Complaint should be dismissed.

### B. Factual & Procedural Background

On or about July 8, 2020, Plaintiff filed a Complaint against Credit Pros for violation of the Telephone Consumer Protection Act ("TCPA") [D.E. 1]. Pursuant to the Complaint, Plaintiff alleges that from June 18, 2020 through June 23, 2020, Credit Pros called Plaintiff numerous times and left Plaintiff prerecorded voicemails and text messages on her cell phone, requesting that Plaintiff contact Credit Pros regarding purchasing various credit repair services and obtaining a $5,000 line of credit. [D.E. 1]. Plaintiff claims Credit Pros violated the Telephone Consumer Protection Act ("TCPA") for the unlawful transmission of unsolicited prerecorded messages and text messages to Plaintiff's cell phone. [D.E. 1]. Credit Pros filed its Answer, Affirmative Defenses and Demand Jury to the Complaint on September 8, 2020. [D. E. 11].

### C. Legal Standard

In ruling on a motion for judgment on the pleadings, this Court "applies a standard very similar, if not identical, to that when ruling on a motion to dismiss brought pursuant to Rule

12(b)(6)." *Artell v. ARS Nat'l Servs.*, 2016 U.S. Dist. LEXIS 154163, *3-4 (S.D. Fla. 2016) (citing *Horsley v. Feldt*, 304 F. 3d 1125, 1131 (11th Cir. 2002)). Accordingly, "a plaintiff must plead sufficient facts to state a claim that is 'plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Likewise, just as in a motion to dismiss, "[a]ll factual allegations are accepted as true and all **reasonable** inferences are drawn in the plaintiff's favor." *Id.* (emphasis added).

Significantly, however, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) ("we afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action"); *Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011). "Although a plaintiff need not provide 'detailed factual allegations,' a plaintiff's complaint must provide 'more than labels and conclusions.'" *Artell,* 2016 U.S. Dist. LEXIS 154163 at *3. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

The key difference between a motion to dismiss and a motion for judgment on the pleadings is that in ruling on a motion for judgment on the pleadings, a court is not limited to the four corners of the complaint, but rather may also consider the answer and the attached documents. *Id.* at 4; *see Horsley*, 304 F.3d at 1134 ("Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'"). Upon a motion for judgment on the pleadings, documents attached to the answer may be considered when they are central to the plaintiff's claim and undisputed, which in "this context means that the authenticity of the document is not challenged." *Horsley*, 304 F.3d at 1134. Thus, as this Court has explained, "[o]n a Rule

12(c) motion, courts consider the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice regarding the factual background of the case." *Artell*, 2016 U.S. Dist. LEXIS 154163 at *4.

As Defendant will demonstrate below, the pleadings demonstrate that even when all of Plaintiff's factual allegations are taken as true, she cannot state a claim for relief for violations under the TCPA as the cause of action is barred and the Court lacks subject matter jurisdiction over such alleged TCPA violations. Accordingly, for the reasons identified herein, Defendant is entitled to an entry of judgment in its favor on the Complaint.

### D. This Court lacks Subject Matter Jurisdiction Over Plaintiff's Claims

- Standard for Subject Matter Jurisdiction

"The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); see also *Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").

- This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

The Telephone Consumer Protection Act prohibits all robocalls to a cell phone. *See* 47 U.S.C. § 227(b)(1)(A)(iii). In 2015, Congress amended that general robocall restriction, carving out a new government-debt exception that allows robocalls made solely to collect a debt owed to

or guaranteed by the United States. *See* 129 Stat. 588.   A declaratory judgment was filed against the government by The American Association of Political Consultants and other organizations claiming that U.S.C. § 227(b)(1)(A)(iii) violated the First Amendment.   The Supreme Court of the United States affirmed the Fourth District Court of Appeal's ruling that the robocall restriction with the government based exception was content based speech restriction and unconstitutional. *See Barr v. American Association of Political Consultants, Inc*., 140 S. Ct. 2335 (2020) ("AAPC"). In carving out this exception, Congress favored debt-collection speech over plaintiffs' political speech, thus the Supreme Court of the United States concluded that the 2015 government-debt exception was unconstitutional, and in order to cure this violation, it invalidated the 2015 government debt exception and severed it from the remainder of the statute.  *Id.*

In relying on *AAPC's* holding, the recently decided case of *Stacy Creasy et. al. v. Charter Communications Inc.,* 2020 WL 5761117, 20-1199, U.S. Dist. E.D. Louisiana (Sept. 28, 2020), the Court concluded that it lacked subject matter jurisdiction over the defendants' alleged § 227(b)(1)(A)(iii) TCPA violations that occurred before the *AAPC* decision, i.e. July 6, 2020. Specifically, in *Creasy,* the plaintiffs accused the defendant, Charter Communications, Inc. of repeatedly violating § 227(b)(1)(A)(iii) of the TCPA.  Charter Communications, by way of a Motion to Dismiss under Fed. R. Civ. P. 12(b),  argued as to the Court's subject matter jurisdiction over the case, contending that *AAPC* amounts to an adjudication that the entirety of §227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC*, thereby arguing that its alleged violations are unenforceable in federal court.

The Eastern District of Louisiana, in relying on *AAPC,* decided that in the years in which § 227(b)(1)(A)(iii) of the TCPA permitted robocalls of one category of content, i.e. government-

debt collection, while prohibiting robocalls of all other categories of content, the entirety of the provision was, indeed, unconstitutional.  As a result, the Court concluded that it indeed lacked subject matter jurisdiction over each of the plaintiffs' supposed § 227(b)(1)(A)(iii) violations which occurred prior to the *AAPC* decision, or in other words, that occurred prior to the Supreme Court's severance of the government-debt exception decided on July 6, 2020.  As such, the court reasoned that it lacked subject matter jurisdiction over any of the TCPA violation claims that occurred between 2015 through July 6, 2020, and granted Charter Communications' Motion to Dismiss with respect to all asserted TCPA violations that were alleged to have occurred before July 6, 2020.

Here, similar to *Creasy* under the reasoning of *AAPC*, Plaintiff alleges in her Complaint that Credit Pros violated the TCPA by issuing numerous prerecorded messages and prerecorded text messages to her cell phone between June 18, 2020 to June 23, 2020, well before the Supreme Court's decision issued on July 6, 2020 in *AAPC*.  [D.E. 1].  Given that the alleged messages by Credit Pros were issued prior to July 6, 2020, the date in which the Supreme Court decided *AACP* finding the robocall exception of the TCPA was unconstitutional, this Court then lacks subject matter jurisdiction over Plaintiff's claims under *Creasy,* and as such, the Complaint should be dismissed.

**WHEREFORE**, Defendant, The Credit Pros International Inc., respectfully requests that this Court grant this Rule 12(c) Motion for Judgment on the Pleadings.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

s/ *Olga Butkevich*
JONATHAN VINE
Florida Bar No.:  10966
OLGA BUTKEVICH
Florida Bar No.:  92294

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November 2020, a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

By:  s/ *Olga Butkevich*
JONATHAN VINE
Florida Bar No.:  10966
OLGA BUTKEVICH
Florida Bar No.:  92294

0439.0773-00/20240382