UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:20-cv-00763-TJC-MCR

VICTORIA WARREN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL
CORPORATION,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, The Credit Pros International Corporation ("Credit Pros"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby files its Motion to Dismiss Plaintiff, Victoria Warren's ("Plaintiff") First Amended Complaint [D.E. 19] and as grounds therefore, state as follows:

### A. Introduction

Plaintiff's First Amended Complaint should be dismissed as this Court lacks subject matter jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA") and Plaintiff fails to state a claim upon which relief can be granted.  This Court lacks subject matter jurisdiction over Credit Pros' alleged TCPA violations that occurred between 2015, the time in which the government enacted a debt exception to the TCPA, and July 6, 2020, the time in which the case of *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020)

was decided. In *AAPC,* the Court held that the automated-call ban of the TCPA was unconstitutional content based restriction when combined with the government debt exception that was enacted in 2015 and in place until the Supreme Court severed this exception in its Court ruling made on July 6, 2020. *Id.*

In relying on the reasoning of *AAPC,* the Eastern District of Louisiana Court in *Stacy Creasy et. al. v. Charter Communications Inc.*, concluded that it did not have subject matter jurisdiction over a plaintiff's claims for violations of the TCPA which occurred between 2015 and July 6, 2020, the date in which *AAPC* was decided. Accordingly, given that Plaintiff's allegations against Credit Pros involve prerecorded messages and text messages that allegedly occurred prior to July 6, 2020, or between June 18, 2020 through June 23, 2020, this Court lacks subject matter jurisdiction over such violations under the reasoning of *Creasy*. As such, the Plaintiff's Complaint should be dismissed.

### B. Factual & Procedural Background

On or about July 8, 2020, Plaintiff filed a Complaint against Credit Pros for violation of the Telephone Consumer Protection Act ("TCPA") [D.E. 1]. Plaintiff filed her First Amended Complaint on November 30, 2020. [D.E. 19]. Pursuant to the First Amended Complaint, Plaintiff alleges that from June 18, 2020 through June 23, 2020, Credit Pros issued prerecorded calls and automated text messages to Plaintiff's cell phone, requesting that Plaintiff contact Credit Pros regarding purchasing various credit repair services and obtaining a $5,000 line of credit. [D.E. 19]. Plaintiff claims she did not provide Credit Pros with consent for such action. *Id.* Plaintiff claims Credit Pros violated the TCPA for the unlawful transmission of unsolicited prerecorded messages and text messages to Plaintiff's cell phone. *Id.*

## MEMORANDUM OF LAW

### C. Relevant Legal Standard Governing Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) requires the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. In contemplating a motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings. See *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. See *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered." *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). In this matter, Credit Pros moves for dismissal of the Plaintiff's Complaint, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because the Court has no jurisdiction to entertain Plaintiff's TCPA claims. Accordingly, for the reasons identified herein, Credit Pros is entitled to dismissal of the First Amended Complaint.

### D. This Court lacks Subject Matter Jurisdiction Over Plaintiff's Claims

- Standard for Subject Matter Jurisdiction

"The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). The Supreme Court has long held that "if the laws are unconstitutional and void, the [federal court has] no

jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); see also *Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]").

- <u>This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims</u>

The TCPA prohibits all robocalls to a cell phone. *See* 47 U.S.C. § 227(b)(1)(A)(iii). In 2015, Congress amended that general robocall restriction, carving out a new government-debt exception that allows robocalls made solely to collect a debt owed to or guaranteed by the United States. *See* 129 Stat. 588. A declaratory judgment was filed against the government by The American Association of Political Consultants and other organizations claiming that U.S.C. § 227(b)(1)(A)(iii) violated the First Amendment. The Supreme Court of the United States affirmed the Fourth District Court of Appeal's ruling that the robocall restriction with the government based exception was content based speech restriction and unconstitutional. *See Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("AAPC"). In carving out this exception, Congress favored debt-collection speech over plaintiffs' political speech, thus the Supreme Court of the United States concluded that the 2015 government-debt exception was unconstitutional, and in order to cure this violation, it invalidated the 2015 government debt exception and severed it from the remainder of the statute. *Id.*

In relying on *AAPC's* holding, the recently decided case of *Stacy Creasy et. al. v. Charter Communications Inc.,* 2020 WL 5761117, 20-1199, U.S. Dist. E.D. Louisiana (Sept. 28, 2020), the Court concluded that it lacked subject matter jurisdiction over the defendants' alleged §

227(b)(1)(A)(iii) TCPA violations that occurred before the *AAPC* decision, i.e. July 6, 2020. Specifically, in *Creasy,* the plaintiffs accused the defendant, Charter Communications, Inc. of repeatedly violating § 227(b)(1)(A)(iii) of the TCPA.  Charter Communications, by way of a Motion to Dismiss under Fed. R. Civ. P. 12(b),  argued as to the Court's subject matter jurisdiction over the case, contending that *AAPC* amounts to an adjudication that the entirety of §227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC*, thereby arguing that its alleged violations are unenforceable in federal court.

The Eastern District of Louisiana, in relying on *AAPC,* decided that in the years in which § 227(b)(1)(A)(iii) of the TCPA permitted robocalls of one category of content, i.e. government-debt collection, while prohibiting robocalls of all other categories of content, the entirety of the provision was, indeed, unconstitutional.  As a result, the Court concluded that it indeed lacked subject matter jurisdiction over each of the plaintiffs' supposed § 227(b)(1)(A)(iii) violations which occurred prior to the *AAPC* decision, or in other words, that occurred prior to the Supreme Court's severance of the government-debt exception decided on July 6, 2020.  As such, the court reasoned that it lacked subject matter jurisdiction over any of the TCPA violation claims that occurred between 2015 through July 6, 2020, and granted Charter Communications' Motion to Dismiss with respect to all asserted TCPA violations that were alleged to have occurred before July 6, 2020.

Here, similar to *Creasy* under the reasoning of *AAPC*, Plaintiff alleges in her Complaint that Credit Pros violated the TCPA by issuing numerous prerecorded messages and prerecorded text messages to her cell phone between June 18, 2020 to June 23, 2020, well before the Supreme Court's decision issued on July 6, 2020 in *AAPC*.  [D.E. 19].  Given that the alleged messages by

Credit Pros were issued prior to July 6, 2020, the date in which the Supreme Court decided *AACP* finding the robocall exception of the TCPA was unconstitutional, this Court then lacks subject matter jurisdiction over Plaintiff's claims under *Creasy,* and as such, the Complaint should be dismissed.

**WHEREFORE**, Defendant, The Credit Pros International Inc., respectfully requests that this Court grant this Motion to Dismiss the First Amended Complaint.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

s/ *Olga Butkevich*
JONATHAN VINE
Florida Bar No.: 10966
OLGA BUTKEVICH
Florida Bar No.: 92294

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December 2020, a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
> Esperante Building
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone (561) 383-9200
> Facsimile (561) 683-8977
> Primary e-mail: jonathan.vine@csklegal.com
> Secondary e-mail: olga.butkevich@csklegal.com
>
> By:  s/ *Olga Butkevich*
> JONATHAN VINE
> Florida Bar No.: 10966
> OLGA BUTKEVICH
> Florida Bar No.: 92294

0439.0773-00/20240382