UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 3:20-cv-00763-TJC-MCR

VICTORIA WARREN, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

THE CREDIT PROS INTERNATIONAL
CORPORATION,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, The Credit Pros International Corporation ("Credit Pros"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby files its Motion to Dismiss Plaintiff, Victoria Warren's ("Plaintiff") Second Amended Complaint [D.E. 54] and as grounds therefore, states as follows:

### A.    Introduction

Plaintiff's Second Amended Complaint should be dismissed as the Court lacks subject matter jurisdiction over Plaintiff's Telephone Consumer Protection Act claims and the applicable statutes allegedly violated 47 U.S.C. 227(b)(1)(B) and 47 CFR 64.1200(c)(2), are only applicable to prerecorded calls made to residential phones, not cellular phones. Given Plaintiff's allegations that Credit Pros made prerecorded calls to her cellular phone only, any claims that Credit Pros violated such statutes cannot stand and should be dismissed.  As such, the Plaintiff's Second Amended Complaint should be dismissed.

### B.      Factual & Procedural Background

On or about June 23, 2021, Plaintiff filed a Second Amended Complaint against Credit Pros for violation of the Telephone Consumer Protection Act ("TCPA") [D.E. 54].   Pursuant to the Second Amended Complaint, Plaintiff alleges that from June 18, 2020 through June 24, 2020, Credit Pros issued prerecorded calls to Plaintiff's cell phone using an automatic telephone dialing system or an artificial or prerecorded voice, requesting that Plaintiff contact Credit Pros regarding purchasing various credit repair services and obtaining a $5,000 line of credit.   *Id.*  Plaintiff claims she did not provide Credit Pros with prior express consent for such action.  *Id.*  Plaintiff claims Credit Pros violated the TCPA for the unlawful transmission of unsolicited prerecorded calls to Plaintiff's **cell phone** only.   *Id.* (emphasis added).

### MEMORANDUM OF LAW

### C.      Relevant Legal Standard Governing Motion to Dismiss

Subject matter jurisdiction is appropriately dealt with by means of a Federal Rule of Civil Procedure Rule 12(b)(1) motion to dismiss.  *See United States v. Blue Cross & Blue Shield of Alabama, Inc.,* 156 F.3d 1098 (11th Cir. 1998).   Under Fed. R. Civ. P. 12(b)(6), a court may also dismiss a complaint when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993). On a motion to dismiss, the factual allegations of the complaint are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *See South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402,406 (11th Cir. 1996) (citation omitted). "'The Court will not grant a motion to dismiss unless without a doubt Plaintiff's cannot prove a set of facts which would entitle relief under the claim.'' *Dunn v. Air Line Pilots Ass'n,* 836 F. Supp. 1574, 1578 (S.D. Fla. 1993).

Under Fed. R. Civ. P. 12(b)(6), all factual allegations are accepted as true.  While a court must accept well-pled facts as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the court view unwarranted deductions of fact or argumentative inferences in their favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986).   A court may grant a motion to dismiss on an issue of law when no set of factual allegations will support the cause of action. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist*, 992 F.2d 1171, 1174 (11th Cir. 1993). Further, courts have held that dismissal of a complaint with prejudice is proper where it conclusively appears that there is no possible way to amend a complaint to state a claim. *See Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997).

In this matter, Credit Pros moves for dismissal of the Plaintiff's Complaint because it lacks jurisdiction of Plaintiff's TCPA claims and the statutes allegedly violated by Credit Pros are inapplicable to calls made to cellular phones.  Accordingly, for the reasons identified herein, Credit Pros is entitled to dismissal of the Second Amended Complaint.

### D.    This Court lacks Subject Matter Jurisdiction Over Plaintiff's Claims

The Telephone Consumer Protection Act ("TCPA"), provides that a person may bring "in an appropriate court of that State" a private right of action.   47 U.S.C. §227(b)(3). The Eleventh Circuit Court of Appeal has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]."   *Nicholson v. Hooters of Augusta*, 136 F.3d 1287 (11th Cir. 1998). In *Nicholson,* the court ruled that federal courts do not have federal question jurisdiction over TCPA cases brought by private plaintiffs, explaining that, "[w]e recognize that as a general matter, a cause of action created by federal law will properly be brought in the district courts."

Moreover, several district courts have aligned rulings with the *Nicholson* decision that jurisdiction over TCPA claims is with the state courts. *See Hall v. W.S. Badcock Corp.,* 2010 WL 5137832; No. 8:10–cv–2532–T–33EAJ; (M.D. Fla. Dec. 10, 2010); *Mims v. Arrow Financial, LLC*, Case No. 09-cv-22347-UNGARO (S.D. Fla. April 5, 2010); *Crescenzo v. ER Solutions, Inc. and CRI Purchasing Corp.*, Case No. 09-cv-60685-DIMITROULEAS (S.D. Fla. April 6, 2010); *Davon Outten v. United Collection Bureau, Inc.*, Case No. 09-cv-21817-GOLD (S.D. Fla. April 5, 2010); *Tamiko Walker v. Apex Financial Management, Inc.*, Case No. 09-61502-CIV-MORENO (S.D. Fla. May 26, 2010); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech, Inst. v. Inacom Communs.*, 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphy v. Lanier,* 204 F.3d 911, 913 (9th Cir. 2000).  Accordingly, the language in the TCPA does not provide a basis for federal question jurisdiction.  *See* U.S.C. § 227(b)(3).  Given that jurisdiction over Plaintiff's TCPA claims lies in state court, her TCPA claims should be dismissed for lack of subject matter jurisdiction.

### E.     Counts I and I Should be Dismissed Because They Fail to State A Cause of Action Under 47 U.S.C. 227(b)(1)(B) and 47 CFR 64.1200(c)(2)

In Count I of her Second Amended Complaint, Plaintiff argues that Credit Pros violated 47 U.S.C. § 227(b)(1)(B) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the No Consent without their prior express written consent. [D.E. 54].  However, 47 U.S.C. § 227(b)(1)(B) limits unsolicited calls only to residential lines, not cellular phones.  Specifically, the statute states that it is unlawful for any person to "initiate any telephone call to any **residential telephone line** using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the

collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."  (emphasis added).

Similarly, Plaintiff argues violation of 47 C.F.R. § 64.1200(c)(2) under Count II of her Second Amended Complaint.  This statute also provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] **residential telephone** subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."  (emphasis added).

Indeed, Credit Pros could not have violated either Count I or II of the Second Amended Complaint for violation of such statutes because Plaintiff alleges it only sent prerecorded calls to her *cellular phone* only*, not any residential line.  See* [D.E. 54 at ¶ 22, 24, 28].  In fact, nowhere in the entirety of her Complaint does Plaintiff make any allegations that prerecorded calls were made to any residential line, which is the entire basis for causes of action under 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(c)(2).  *Id.*  Since Plaintiff alleges that prerecorded calls were made to her cellular phone only, then any claims for violation of 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(c)(2)  under Counts I and II should be dismissed with prejudice.   The Second Amended Complaint should also be dismissed because Plaintiff failed to establish or plead that she is on the national do not call registry within Counts I and II as required under the statutes.

**WHEREFORE**, Defendant, The Credit Pros International Inc., respectfully requests that this Court grant this Motion to Dismiss the Second Amended Complaint.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

*s/ Olga Butkevich*
OLGA BUTKEVICH
Florida Bar No.:  92294

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July 2021, a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant THE CREDIT PROS INTERNATIONAL CORPORATION*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail: olga.butkevich@csklegal.com

By:          *s/ Olga Butkevich*
OLGA BUTKEVICH
Florida Bar No.:  92294

0439.0773-00/20240382